**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Harvey Deon Kendrick, | ) | No. CV 10-2799-PHX-RCB (LOA) |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Sheriff Joseph Arpaio, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

On December 28, 2010, Plaintiff Harvey Deon Kendrick, who is confined in the Arizona State Prison Complex-Tucson in Tucson, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On February 2, 2011, Plaintiff a First Amended Complaint.  In a February 28, 2011 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to file a complete Application to Proceed *In Forma Pauperis*.

On March 21, 2011, Plaintiff filed a second Application to Proceed *In Forma Pauperis*.  In a March 25, 2011 Order, the Court granted the second Application to Proceed and dismissed the First Amended Complaint for failure to comply with Local Rule of Civil Procedure 3.4(a).  The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On April 11, 2011, Plaintiff filed a Second Amended Complaint (Doc. 11).

TERMPSREF

## I.     Statutory Screening of Prisoner Complaints

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

        A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

. . . .

## II.     Second Amended Complaint

Plaintiff should take note that all causes of action alleged in his original Complaint and First Amended Complaint that are not alleged in his Second Amended Complaint are waived.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987).  Accordingly, the Court will consider only those claims and facts specifically asserted in Plaintiff's Second Amended Complaint with respect to only those Defendants specifically named in the Second Amended Complaint.

In his eight-count Second Amended Complaint, Plaintiff sues the following Defendants: Maricopa County Sheriff Joseph M. Arpaio; Maricopa County/Maricopa County Supervisors, Correctional Health Services (CHS); Documents and Records Officer John Doe One; CHS employees John Does Two, Three, and Four; Visitation Floor Officer John Doe Five; and Booth Officer John Doe Six.

In Counts Two, Three, Four, Five, and Seven, Plaintiff alleges violations of the Eighth Amendment prohibition against cruel and unusual punishment as it relates to his medical care.  In Counts One, Six, and Eight, Plaintiff invokes the Court's supplemental jurisdiction and asserts state law negligence claims.

In his Request for Relief, Plaintiff seeks monetary damages, court costs, fees, and interest.

## III.     Federal Claims - Counts Two, Three, Four, Five, and Seven

### A.     Allegations

Plaintiff alleges that he was assaulted at the Maricopa County Fourth Avenue Jail and was "slammed to the ground on his head."

In Count Two, Plaintiff contends that Defendant John Doe Two was deliberately indifferent to Plaintiff's medical needs because he failed to refer Plaintiff to a neurologist or for neuropsychological testing.  Plaintiff alleges that he was not checked for a concussion or provided with a brain scan or magnetic resonance imaging scan.  Plaintiff alleges that

1    Defendant John Doe Two claimed that "there were budgetary restrictions by the County on

2    inmate medical care."

3        In Count Three, Plaintiff contends that Defendant John Doe Two informed Plaintiff

4    that Plaintiff need surgery to repair the third-degree shoulder separation that occurred as a

5    result of the assault, but that surgery would not be performed and Plaintiff would remain in

6    permanent pain and would have limited mobility.  Plaintiff alleges that Defendant John Doe

7    Two was deliberately indifferent because he failed to schedule, prescribe, or order the

8    necessary surgery.  Plaintiff asserts that Defendant John Doe Two claimed that surgery was

9    not being ordered because of "budgetary restrictions by the County Supervisors."

10       In Count Four, Plaintiff contends that Defendant John Doe Three examined Plaintiff,

11   informed Plaintiff that he needed  shoulder surgery, told Plaintiff that he would recommend

12   surgery, but explained that "surgery is a money issue."  Plaintiff claims that Defendant John

13   Doe Three was deliberately indifferent because he did not recommend or perform the surgery

14   because "it was 'a money issue.'"

15       In Count Five, Plaintiff alleges that he was examined by Defendant John Doe Four,

16   who agreed with the need for shoulder surgery, but explained that "Maricopa County will not

17   provide your needed surgery.  The only surgeries performed for inmates are for life

18   threatening issues, not life changing issues."  Plaintiff alleges that Defendant John Doe Four

19   was deliberately indifferent because he failed to provide the surgery due to budgetary

20   restrictions.

21       In Count Seven, Plaintiff asserts that Defendant CHS is a subdivision of Defendant

22   Maricopa County/Maricopa County Supervisors and is deliberately indifferent to Plaintiff's

23   serious medical needs because it intentionally denied Plaintiff's surgery for budgetary

24   reasons.

25       **B.    Discussion**

26       A pretrial detainee's claim for unconstitutional conditions of confinement arises from

27   the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment

28   prohibition against cruel and unusual punishment.  Bell v. Wolfish, 441 U.S. 520, 535 and

1   n.16 (1979). Nevertheless, the same standards are applied, requiring proof that the defendant

2   acted with deliberate indifference.  See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

3       Not every claim by a prisoner relating to inadequate medical treatment states a

4   violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a

5   plaintiff must show that the defendants acted with "deliberate indifference to serious medical

6   needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429

7   U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating

8   that failure to treat the condition could result in further significant injury or the unnecessary

9   and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.

10  Jett, 439 F.3d at 1096 (quotations omitted).

11      "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,

12  1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know

13  of and disregard an excessive risk to inmate health; "the official must both be aware of facts

14  from which the inference could be drawn that a substantial risk of serious harm exists, and

15  he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate

16  indifference in the medical context may be shown by a purposeful act or failure to respond

17  to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439

18  F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally

19  denies, delays, or interferes with medical treatment or by the way prison doctors respond to

20  the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

21      Liberally construed, Plaintiff has stated a Fourteenth Amendment deliberate-

22  indifference claim in Count Seven against Defendant Maricopa County/Maricopa County

23  Supervisors regarding its policy of restricting necessary medical procedures based on

24  budgetary restrictions. The Court will require Defendant Maricopa County/Maricopa County

25  Supervisors to answer Count Seven of the Second Amended Complaint.

26      As to Defendants John Does Two, Three, and Four, Plaintiff has failed to state

27  deliberate-indifference claims. Plaintiff only alleges that these Defendants were acting

28  pursuant to Defendant Maricopa County's policy; Plaintiff has not shown that these

1    Defendants were responsible for the policy or had the authority to change the policy.  Thus,

2    the Court will dismiss without prejudice Defendants John Does Two, Three, and Four, and

3    Counts Two, Three, Four, and Five.

4           In addition, Defendant Correctional Health Services is an improper Defendant.

5    Municipalities and other local governing bodies are included among those "persons" who

6    may be sued under § 1983.  Monell v. Department of Social Services of New York, 436 U.S.

7    658, 690-91 (1978).  Because Defendant Correctional Health Services is an administrative

8    subdivision of Maricopa County and not a municipal corporation, a local governing body or

9    a private corporation, it is not a "person" amenable to suit under § 1983.  Maricopa County

10   is responsible for providing medical care to county jail inmates.  See Ariz. Rev. Stat. § 11-

11   291(A).  Any actions concerning a county policy must be brought against the county itself

12   and not against an administrative subdivision of the county.  Thus, Defendant Correctional

13   Health Services is an improper defendant and will be dismissed from this action.

14   **IV.    State Law Claims**

15          **A.    Allegations**

16          In Count One, Plaintiff alleges that Defendant John Doe One negligently released

17   Plaintiff despite the trial court finding Plaintiff to be "non-bondable."  Plaintiff claims that

18   the negligent release "caused California authorities to contact [the Maricopa County Sheriff's

19   Office, which] negligently informed Calif. authorities that Plaintiff had not been released but

20   that Plaintiff had 'escaped' from work furlough [. . . .  T]his false information caused

21   California authorities to file an arrest warrant with the U.S. Marshal[']s Office."  Plaintiff

22   alleges that the United States Marshal "hunted Plaintiff as an armed and dangerous escapee."

23   Plaintiff contends that the negligent acts of Defendant John Doe One and the Maricopa

24   County Sheriff's Office caused Plaintiff to miss court and trial dates and changed Plaintiff's

25   plea agreement offers.

26          In Count Six, Plaintiff alleges that Defendant Arpaio "is responsible for any and all

27   claims for damages occurring to the inmate to whom hospital or medical services [are]

28   required on account of injuries that give rise to the claims" and that Plaintiff was denied

1    medical treatment for financial and economic reasons.  Plaintiff alleges that this violated

2    Arizona Revised Statutes § 31-161 and constitutes a breach of Defendant Arpaio's duty of

3    care.

4         In Count Eight, Plaintiff alleges that Defendants John Doe Five and Six negligently

5    breached security protocol procedure and that Plaintiff was assaulted as a result of their

6    negligence.

7    **B.    Discussion**

8         Plaintiff has failed to state a claim in Count Six because Maricopa County, not

9    Defendant Arpaio, is responsible for providing medical care to county jail inmates. <u>See</u> Ariz.

10   Rev. Stat. § 11-291(A).[1]  Thus, the Court will dismiss without prejudice Count Six and

11   Defendant Arpaio.

12        Liberally construed, Plaintiff has stated negligence claims in Counts One and Eight

13   against the named Defendants—John Does One, Five, and Six.  However, the Court will not

14   direct that service be made at this time on these fictitiously named defendants.  The Court is

15   unable to identify these individuals, and, as a practical matter, it is virtually impossible for

16   the United States Marshal to serve a summons and complaint upon unknown persons.

17   However, the Court will not dismiss any viable claims against fictitiously named defendants

18   at his time.  <u>See</u> <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999) (where

19   identity of defendants is unknown prior to filing of complaint, plaintiff should be given an

20   opportunity through discovery to identify the unknown defendants, unless it is clear that

21   discovery would not uncover the identities or that the complaint would be dismissed on other

22   grounds). Plaintiff may use the discovery process to obtain the names of the fictitiously

23   named defendants against whom he has stated viable claims.  If Plaintiff later discovers the

24   _____

25        [1]Although Arizona Revised Statutes § 31-161 provides than "[a]n inmate shall not be
     refused health services for financial reasons," this does not impose a duty of care on
26   Defendant Arpaio.  The statute concerns a sheriff's ability to assess a reasonable fee or co-
     payment "for each inmate initiated health service that is provided, for each medical visit to
27   a physician that is referred by a physician, a physician assistant or nurse practitioner or for
     prescription drugs that a county jail health services agency dispenses to an inmate."  Ariz.
28   Rev. Stat. § 31-161(A).

identity of these fictitiously named defendants, Plaintiff should seek to amend his Second Amended Complaint to name them, in compliance with Rule 15 of the Federal Rules of Civil Procedure.

**V.      Warnings**

    **A.      Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

    **B.      Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.      Copies**

Plaintiff must serve Defendant Maricopa County/Maricopa County Supervisors, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

    (1)      Counts Two through Six are **dismissed** without prejudice.

(2)      Defendants Arpaio, Correctional Health Services, and John Does Two, Three, and Four are **dismissed** without prejudice.

(3)      Defendant Maricopa County/Maricopa County Supervisors must answer Count Seven.

(4)      The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. 11), this Order, and both summons and request for waiver forms for Defendant Maricopa County/Maricopa County Supervisors.

(5)      Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6)      If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on Defendant Maricopa County/Maricopa County Supervisors within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(7)      The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(8)      The United States Marshal must notify Defendant Maricopa County/Maricopa County Supervisors of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a)      personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure; and

(b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9)   **If Defendant Maricopa County/Maricopa County Supervisors agrees to waive service of the Summons and Second Amended Complaint, Defendant Maricopa County/Maricopa County Supervisors must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10)   Defendant Maricopa County/Maricopa County Supervisors must answer Count Seven of the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11)   This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 20th day of April, 2011.


_____
Robert C. Broomfield
Senior United States District Judge