**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harvey Deon Kendrick, | No. CV 10-2799-PHX-RCB (LOA) |
| Plaintiff, | **ORDER** |
| vs. | **AND** |
| Joseph Arpaio, et al., | **ORDER TO SHOW CAUSE** |
| Defendants. | |

Plaintiff Harvey Deon Kendrick brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County (County), the Maricopa County Board of Supervisors (Board), and three John Doe Defendants (Doc. 11).[1] Before the Court is a Motion to Dismiss filed by the County and the Board (Doc. 19).

The Court will grant the motion and dismiss Count VII and issue an Order to Show Cause why the John Doe Defendants and Counts I and VIII should not be dismissed.

**I.    Background**

Plaintiff's negligence and medical-care claims arose during his confinement at the Maricopa County Fourth Avenue Jail (Doc. 11 at 1). In Counts I and VIII, Plaintiff brought negligence claims against three John Doe Defendants. He alleged that John Doe 1 negligently released Plaintiff even though the court found him to be "non-bondable" (id. at

---

[1] Upon screening, the Court dismissed Sheriff Arpaio, Correctional Health Services, and John Does 2, 3, and 4 as Defendants (Doc. 12).

3). Plaintiff stated that as a result, California authorities contacted the Maricopa County Sheriff's Office (MCSO), who negligently informed them that Plaintiff had escaped, thereby causing California to file an arrest warrant with the U.S. Marshal's Office (id. at 3.5). Plaintiff claimed that these negligent acts caused the Marshal's Office to "hunt" him as if a dangerous escapee, caused him to miss court and trial dates, and altered his plea agreement (id.). In Count VIII, Plaintiff averred that John Does 5 and 6 negligently breached security procedures, which led to Plaintiff's exit from the visitation room through an unlocked door and the assault on Plaintiff by four individuals (id. at 10).

In Count VII, Plaintiff alleged that the County and the Board established a policy that restricted necessary medical procedures based on budgetary considerations and that, pursuant to this policy, Plaintiff was denied shoulder surgery (id. at 9).

Although Plaintiff stated negligence claims in Counts I and VIII against John Does 1, 5, and 6, the Court could not direct service on the unknown defendants (Doc. 12 at 7). The Court declined to dismiss the Counts and, instead, directed that if Plaintiff discovers the identity of the unknown defendants, he should seek to amend his pleading appropriately (id. at 7-8). The Court directed the County and the Board to answer Count VII (id. at 9).

The County and the Board (hereinafter "Defendants") then filed their Motion to Dismiss (Doc. 19).

**II.    Defendants' Motion to Dismiss**

    **A.    Defendants' Contentions**

Defendants move to dismiss on the ground that Plaintiff failed to exhaust administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (id.). In support, Defendants submit the affidavit of Selethia Down, a Sergeant assigned to the Inmate Hearing Unit (id., Ex. 1, Down Aff. ¶ 1). Down explains the three-tiered system that governs medical grievances at the jail: (1) the initial grievance and decision by the Bureau Hearing Officer; (2) the Institutional appeal; and (3) the External appeal (id. ¶ 4). Down asserts that all inmates are notified of the grievance procedure when they receive a copy of "MCSO Rules and Regulations for Inmates" upon their arrival at the

1  jail (id.).

2  Down avers that a search of the inmate grievance records maintained by MCSO for
3  Plaintiff reflect that he filed 33 grievances concerning various conditions of incarceration (id.
4  ¶¶ 6-7). According to Down, none of these 33 grievances related to the denial of shoulder
5  surgery (id. ¶ 8).

6  Defendants rely on this affidavit and the attached copies of Plaintiff's grievances to
7  argue that Plaintiff was familiar with the administrative procedure at the jail (Doc. 19 at 2-3).
8  They note that some of Plaintiff's grievances concerned medical issues; however, none
9  concerned the claim in this lawsuit (id. at 3). Defendants submit that just two grievances
10 refer to his shoulder; copies of both are attached to Down's affidavit (id., Ex. 1, Attachs. 6,
11 8). The first was a grievance filed on January 29, 2009, and states that Plaintiff saw a
12 physician about his neck, shoulder, back, and chest but that the physician only addressed his
13 shoulder and referred him to an orthopedic specialist; Plaintiff requests that he be seen by a
14 physician and "seriously examined in those other areas" (id.; Ex. 1, Attach. 6). Defendants
15 state that Plaintiff appealed this grievance to the Bureau Hearing Officer and indicated at that
16 level that he sought to appeal the issue further; however, Plaintiff did not file an appeal to the
17 next level (id. at 3-4).

18 The second grievance was filed on June 12, 2009, and states that Plaintiff had a
19 separated shoulder and complained that he had not been provided his shoulder brace (id., Ex.
20 1, Attach. 8). Defendants assert that this grievance was resolved informally by the Shift
21 Supervisor (Doc. 19 at 4). Defendants contend that Plaintiff's failure to appeal any grievance
22 related to his shoulder issue to the highest level of the grievance procedure constitutes a
23 failure to exhaust the administrative remedies provided by the jail's grievance process (id.
24 at 6-8). They state that, as a result, they never had an opportunity to address Plaintiff's issue
25 and the action should be dismissed (id. at 8).

26 Defendants also move for dismissal of the Board for the reason that it is a nonjural
27 entity and the Court does not have jurisdiction over it (id. at 8-10).
28

### B. **Plaintiff's Response**[2]

Plaintiff opposes the motion and argues that there were no administrative remedies available (Doc. 25 at 2). He relies on the "MCSO Rules and Regulations for Inmates," which includes language stating that inmates "cannot grieve a request for health care that is not medically necessary . . . ." (id., citing Ex. A). Plaintiff maintains that his shoulder condition was not diagnosed as serious or as one that required treatment nor was it obvious that it required medical attention (id. at 2). Plaintiff also asserts that jail medical staff informed him that he could not grieve his medical issue unless it was life threatening (id. at 3). Plaintiff appears to suggest that his grievances nonetheless include requests to see a medical provider for his shoulder (id. at 2-3).

Plaintiff agrees with Defendants' argument for dismissal of the Board as a Defendant (id. at 3).

### C. **Defendant's Reply**

In reply, Defendants argue that Plaintiff effectively changes his claim, which was originally a claim that Defendants were deliberately indifferent to his serious medical need, and now asserts that his medical need was not serious and thus was not grievable (Doc. 28). They suggest that any claim that his shoulder condition was not serious justifies dismissal since he must show a serious medical need to support a constitutional claim (id. at 2, 4).

As to exhaustion, Defendants contend that Plaintiff failed to file a grievance regarding alleged budget constraints; thus, their motion should be granted (id. at 2-3). They add that Plaintiff did not file any grievances that surgery was not medically necessary or that he was prevented from following the administrative procedures (id. at 3). Defendants reiterate that, as demonstrated by the number of grievances Plaintiff filed during his incarceration, he was aware of the process available to address any issue (id.). And they note that as to the January 2009 grievance that referenced Plaintiff's shoulder condition, he failed to appeal it and that

---

[2] The Court issued an Order with a Notice advising Plaintiff of his obligation to respond to the motion and present evidence regarding the exhaustion of administrative remedies (Doc. 20). See Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

- 4 -

constitutes failure to exhaust (id.).

## III. Exhaustion Legal Standard

Under the PLRA, an inmate must exhaust available administrative remedies before bringing a federal action. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison or jail life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). An inmate must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense, Jones v. Bock, 549 U.S. 199, 212 (2007). Therefore, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Because exhaustion is a matter in abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. When doing so, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted). If a court finds that the plaintiff failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Wyatt, 315 F.3d at 1120.

## IV. Analysis

As stated, Defendants must demonstrate that there were remedies available to Plaintiff. See id. at 1119; see also Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005). Defendants submit evidence that the Fourth Avenue Jail had established grievance procedures and that Plaintiff used those procedures to complain about various issues (Doc. 19, Ex. 1, Down Aff. ¶¶ 3-4, 7 & Attach. 3).

Plaintiff does not dispute that he failed to file a grievance specific to the claim herein; namely, that he was denied shoulder surgery for budgetary reasons or even that he was denied surgery. To the extent that either of his two grievances that mention his shoulder relate to this claim, he did not exhaust either grievance to the highest level.

- 5 -

With respect to Plaintiff's claim that he could not grieve his issue under the MCSO policy, the relevant policy states only that inmates may not grieve a request "for health care that is not medically necessary" (Doc. 19, Ex. 1, Attach. 2). The Court finds that "medically necessary" does not equate to life threatening. Moreover, as argued by Defendants, if Plaintiff's need for shoulder surgery was not medically necessary, then the allegations in Count VII fail to support a constitutional claim. As to Plaintiff's claim that medical staff also informed him that he could not grieve his medical issue, he fails to identify who gave him this information or when he was told he could not grieve. Thus, his general claim that he was verbally informed that he could not grieve his claim is insufficient to overcome Defendants' specific evidence that there was a grievance process established to address medical issues and that this process was available to Plaintiff.

On the record before the Court, Defendants have met their burden to show that administrative remedies were available for the claim in Count VII but Plaintiff failed to properly exhaust those remedies. Defendants' Motion to Dismiss will be granted on this basis, and the Court need not address the Board's other argument for dismissal.

**V.    Order to Show Cause**

As mentioned above, the Court did not dismiss Counts I and VIII even though Plaintiff was unable to identify the defendants alleged to have acted negligently. The April 21, 2011 Screening Order stated that Plaintiff may use the discovery process to obtain the names of the John Doe Defendants and, upon discovery of their identities, he may amend his pleading pursuant to Federal Rule of Civil Procedure 15 (Doc. 12 at 7-8). Approximately one year has elapsed, and Plaintiff has not moved to amend or indicated an intent to discover the identities of John Does 1, 5, and 6.

The Court will order Plaintiff to Show Cause why these John Doe Defendants and Counts I and VIII should not be dismissed.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss (Doc. 19).

(2) Defendants' Motion to Dismiss (Doc. 19) is **granted**: Count VII is dismissed without prejudice for failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a).

(3) Maricopa County and the Maricopa County Board of Supervisors are dismissed as Defendants.

(4) Within **30 days** from the date of this Order, Plaintiff must show cause why John Does 1, 5, and 6 should not be dismissed for failure to identify them and why Counts I and VIII should not be dismissed.

DATED this 19th day of April, 2012.

Robert C. Broomfield
Senior United States District Judge