**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harvey Deon Kendrick, | No. CV 10-2799-PHX-RCB (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

Before the Court is Plaintiff's response to the Court's Order to Show Cause why the remaining John Doe Defendants and the claims against them should not be dismissed (Doc. 30). The Court will discharge the Order to Show Cause; however, because all federal claims have been dismissed, it will not exercise supplemental jurisdiction over the remaining state-law claims against the John Doe Defendants. Those claims will be dismissed without prejudice, and the action will be terminated.

**I.      Background**

Plaintiff Harvey Deon Kendrick brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County (County), the Maricopa County Board of Supervisors (Board), and three unnamed Defendants—John Does 1, 5, and 6 (Doc. 11).[1]  Upon screening

---

[1]The Court dismissed Sheriff Arpaio, Correctional Health Services, and John Does 2, 3, and 4 as Defendants (Doc. 12).

of the Second Amended Complaint, the Court found that Plaintiff sufficiently stated three claims for relief.  In Count VII, Plaintiff alleged that the County and the Board established a policy to restrict necessary medical procedures based on budgetary constraints and that, pursuant to this policy, he was denied shoulder surgery in violation in the Eighth Amendment (id. at 9).  In Counts I and VIII, Plaintiff brought negligence claims against the three John Doe Defendants.  He alleged that John Doe 1 negligently released Plaintiff even though the court found him to be "non-bondable" (id. at 3).  Plaintiff stated that as a result, California authorities contacted the Maricopa County Sheriff's Office, who negligently informed them that Plaintiff had escaped, thereby causing California to file an arrest warrant with the U.S. Marshal's Office (id. at 3, 5).  Plaintiff claimed that these negligent acts caused the Marshall's Office to "hunt" him as if a dangerous escapee, caused him to miss court and trial dates, and altered his plea agreement (id.).  In Count VIII, Plaintiff averred that John Does 5 and 6 negligently breached security procedures, which led to Plaintiff's exit from the visitation room through an unlocked door and the assault on Plaintiff by four individuals (id. at 10).  All other counts were dismissed (Doc. 12).

With respect to Counts I and VIII, the Court could not direct service on the unknown Defendants; therefore, the Screening Order directed that if Plaintiff discovered the identity of John Does 1, 5, or 6, he should seek to amend his pleading appropriately (id. at 7-8).

The County and the Board filed a Motion to Dismiss for failure to exhaust the medical-care claim in Count VII (Doc. 19).  The Court granted the Motion and dismissed Count VII (Doc. 29).   The Court issued an Order to Show Cause to Plaintiff why the remaining John Doe Defendants should not be dismissed for failure to identify and why Counts I and VIII should not be dismissed (id.).

In his response to the Order to Show Cause, Plaintiff argues that documentary evidence supports the merits of his claim in Count I (Doc. 30).  He further states that as a pro se litigant unfamiliar with the law and rules of procedure, he was not aware that he should have begun discovery sooner (id. at 2).  Plaintiff explains that he felt is was proper to wait for a ruling on Defendants' Motion to Dismiss before starting discovery (id.).  But he states that he now realizes that he should have started the discovery process sooner and he has

already initiated discovery to obtain the names of the John Doe Defendants (<u>id.</u>).  Plaintiff requests that the Court allow the action to proceed (<u>id.</u>).

**II.    Analysis**

A review of the docket shows that the Screening Order did not set a deadline for Plaintiff to identify the John Doe Defendants, and there was no Scheduling Order issued that would have set deadlines for discovery and amending the pleading.  Given the procedural posture of this case, Plaintiff's status as a pro se litigant in a civil rights action, and his timely response to the Order to Show Cause, the Court finds that there would be good cause for providing additional time for discovery and amendment.  <u>See</u> <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010); <u>Karim-Panahi v. L.A.  Police Dep't</u>, 839 F.2d 621, 234 (9th Cir. 1988).

However, a review of the case at this juncture shows that the sole federal claim that survived screening—Plaintiff's Eighth Amendment medical-care claim in Count VII—has been dismissed for nonexhaustion (<u>see</u> Doc. 29).  The remaining claims in Counts I and VIII are state-law negligence claims (<u>see</u> Doc. 11).  The Court has discretion under 28 U.S.C. § 1367(c) to adjudicate or to dismiss remaining state law claims when it has dismissed all claims over which it has original jurisdiction.  <u>See</u> <u>Ove v. Gwinn</u>, 264 F.3d 817, 826 (9th Cir. 2001) (court may decline to exercise supplemental jurisdiction over related state-law claims under subsection (c)(3) once it has dismissed all claims over which it has original jurisdiction).

In this case, the Court declines to exercise jurisdiction over the remaining state law claims.  Accordingly, Counts I and VIII will be dismissed without prejudice.  <u>See</u> <u>Reynolds v. County of San Diego</u>, 84 F.3d 1162, 1171 (9th Cir. 1996), <u>overruled in part on other grounds by</u> <u>Acri v. Varian Assoc., Inc.</u>, 114 F.3d 999, 1001 (9th Cir. 1997).

**IT IS ORDERED:**

(1) The Order to Show Cause (Doc. 29) is discharged.

//

//

//

(2) Counts I and VIII are dismissed without prejudice.

(3) The Clerk of Court must terminate the action.

DATED this 7th day of June, 2012.

Robert C. Broomfield
Senior United States District Judge